UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOHNATHAN DEWAYNE YOUNG                                                  Plaintiff

v.                                                        Civil Action No. 3:21-cv-P278-RGJ

AMY ROBEY, *et al.*                                                     Defendants

\* \* \* \* \*

### MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Johnathan Dewayne Young's *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will allow some claims to proceed, dismiss the others, and allow Plaintiff to amend the complaint.

### I. SUMMARY OF CLAIMS

Plaintiff is a convicted prisoner incarcerated at Luther Luckett Correctional Complex (LLCC). He brings suit pursuant to 42 U.S.C. § 1983 against the Department of Corrections (DOC) and the following persons at LLCC: Warden Amy Robey; Deputy Warden Patricia Gunter; Unit Administrator (II) Jordan Wright; Unit Administrator (I) Aaron White; Cpt. Lindsey Melton; Sgt. Kenneth Heitzman; Ofc. Clyde Yeawelmong; and Psychologist Ashley Niece. He sues Defendants Robey, Gunter, Wright, Melton, and Niece in their individual and official capacities and sues Defendants White, Heitzman, and Yeawelmong in their official capacities.

Plaintiff reports that he has been in the restricted housing unit (RHU) since April 18, 2021, "on Administrative Segregation time due to a past event that happened at [LLCC] in his assigned dorm." He states that in the RHU he "was given a suicide smock, suicide security blanket, made to eat with a paper spoon and rubber tray, and given a very small finger tip-shank proof toothbrush that is very unsanitary to use 'which applies for [him] to put his hand in his mouth.'" He reports

that he was "not allowed to have socks, shirt, pants, regular blanket, [or] sheets." He alleges that he was told by Defendant Melton that he will stay in this situation until his release date from the RHU.

Plaintiff indicates that:

> In concern with a person alerting staff of being homicidal or suicidal the security staff and psychologist or mental health will take all personal items and clothing and furnish the proper attire such as suicide smock, suicide blanket, and be placed on a security watch . . . until up to (72) hours or deemed that inmate Is no longer a threat to himself or others or in the safety and security of the instatution.

He asserts, however, that at no time during his segregation or court call has he informed staff of wanting to harm himself or someone else. He states that when he was placed in the RHU after being sentenced at court call, he "was cleared by Mental health and medical, without orders recieved by Kenneth Heitzman, Clyde Yeawelmong and nor Lindsey Melton the defendants, to place [him] in special attire for posing a risk to himself or another persons."

Plaintiff claims that his placement in such conditions "for no apperant reason as carried out by security staff . . . caused Extreme Emotional Distress and Mental Anguish" in violation of the Eighth Amendment to the U.S. Constitution and that he is "being made to endure Cruel and Unusual punishment at the hands of [Defendant] Warden Amy Robey." He further claims that his placement and the conditions in the RHU violate the Fourteenth Amendment. Finally, Plaintiff contends that the "defendants and all of them named in [this] action either alone or in complicity with the others deprived him" of his constitutional rights in placing him in the RHU conditions.

As relief, Plaintiff seeks monetary and punitive damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion

of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Further, while this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS

*A. DOC and official-capacity claims*

Plaintiff sues the DOC and sues each Defendant in his or her official capacity. "[O]fficial-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Defendants are employees of LLCC and are therefore state employees.[1] Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. States, state agencies, and state employees sued in their official capacities for damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks damages from the DOC, a state agency, and state employees in their official capacities, he fails to allege cognizable claims under § 1983. Further, the Eleventh Amendment acts as a bar to claims for damages against a state, its agencies, and state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's claims against the DOC and his official-capacity claims against the other Defendants must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

---

[1] Should Defendant Psychologist Niece be employed by a healthcare provider contracting with the state, the official-capacity claims against her are actually against the healthcare provider, *see, e.g.*, *Griffin v. S. Health Partners, Inc.*, No. 1:12CV-P174-M, 2013 WL 530841, at *5 (W.D. Ky. Feb. 11, 2013), and dismissal would be necessary as Plaintiff fails to state a policy or custom causing him harm. *See Phillips v. Tangilag*, _ F.4th _, No. 20-6226, 2021 WL 4237164, at *7 (6th Cir. Sept. 17, 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996)).

*B. Individual-capacity claims*

    1. Defendants Gunter, Wright, and Niece

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). The complaint contains no allegations of any personal involvement on the part of Defendants Gunter, Wright, and Niece in the events alleged.

Moreover, Plaintiff's allegation that Defendants acted in "complicity" or conspiracy with other Defendants is also not sufficient to support a claim. "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). A conspiracy will exist under § 1983 when there is "an agreement between two or more persons to injure another by unlawful action." *Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). It must be shown that "there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Id.* (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). Upon review of Plaintiff's claims, it is evident that he has failed to plead his conspiracy claims with the

requisite specificity. Plaintiff's allegations are conclusory and do not support a claim that survives initial review.

Accordingly, the individual-capacity claims against Defendants Gunter, Wright, and Niece must be dismissed for failure to state a claim upon which relief may be granted.

2. Defendants Robey and Melton

Plaintiff's conspiracy claims against Defendants Robey and Melton must be dismissed for the reasons discussed above. *See supra* Section III(B)(1).

As to Plaintiff's claims for cruel and unusual punishment under the Eighth Amendment and for violation of due process under the Fourteenth Amendment against Defendants Robey and Melton, the Court will allow those claims to proceed against those Defendants in their individual capacities based on Plaintiff's allegations concerning his placement and the conditions of his confinement in the RHU.

C. Amendment

Plaintiff sued Defendants White, Heitzman, and Yeawelmong in their official capacities only. However, "under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

The Court will allow Plaintiff to amend his complaint to sue Defendants Heitzman and Yeawelmong in their individual capacities as to the Eighth and Fourteenth Amendment claims related to Plaintiff's conditions of confinement in the RHU.

Because the complaint contains no allegations of any personal involvement on the part of Defendant White, Plaintiff fails to state a claim upon which relief may be granted even if that Defendant had been sued in his individual capacity. Further, Plaintiff fails to state a conspiracy

claim against Defendants White, Heitzman, and Yeawelmong for the same reasons he fails to state a conspiracy claim against all other Defendants. *See supra* Section III(B)(1). Thus, the Court will not allow amendment of these claims.

## IV. CONCLUSION AND ORDER

Upon review, and construing the complaint broadly as the Court is required to do at this stage, the Court will allow Plaintiff's § 1983 claims based on allegedly cruel and unusual punishment under the Eighth Amendment and on alleged violations of due process under the Fourteenth Amendment to proceed against Defendants Robey and Melton in their individual capacities based on Plaintiff's allegations concerning his placement and the conditions of his confinement in the RHU. In allowing these claims to proceed, the Court passes no judgment on their merit or ultimate outcome.

Accordingly, for the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that:

(1) Plaintiff's claims against the DOC and his official-capacity claims against all other Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking relief from a defendant who is immune from such relief.

(2) Plaintiff's individual-capacity claims against Defendants Gunter, Wright, White, and Niece and the conspiracy claims against all Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

(3) As the claims against Defendants Gunter, Wright, Niece, and White are dismissed, the **Clerk of Court is DIRECTED to terminate Defendants Gunter, Wright, Niece, and White as parties to this action**.

(4)   Within **30 days** from the entry date of this Memorandum and Order, **Plaintiff may amend the complaint to sue Defendants Heitzman and Yeawelmong in their individual capacities** as to the Eighth and Fourteenth Amendment claims related to Plaintiff's placement and conditions of confinement in the RHU.

(5)   Following expiration of the 30-day period for amendment, the Court will enter a Service and Scheduling Order to govern the development of the claims proceeding beyond initial review.

Date: September 27, 2021

Rebecca Grady Jennings, District Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
A961.005